BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
DEVAL DENIZCILIK VE TICARET A.S.
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

DEVAL DENIZCILIK VE TICARET A.S.,

                        Plaintiff,

        -against-                                    **VERIFIED COMPLAINT**

AGRENCO ITALIA S.P.A.,

                        Defendant.
-------------------------------------------------------------X

        Plaintiff, DEVAL DENIZCILIK VE TICARET A.S. ("Plaintiff"), by its attorneys,

Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendant

AGRENCO ITALIA S.P.A. ("Defendant"), alleges upon information and belief as follows:

        1.      This is a case of admiralty and maritime jurisdiction, as hereinafter more

fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.  The Court has jurisdiction under 28 U.S.C. § 1333.

        2.      At all material times, Plaintiff was and now is a corporation duly organized

and existing under and by virtue of the laws of the Republic of Turkey, with an office and

place of business in IFahrettin Kerim Gokay Cad. No. 14, Denizciler Ýþ Merkezi B.Blok

Floor 3 / 4, Istanbul, Turkey

        3.      At all material times, Defendant was and now is a corporation duly

organized and existing under and by virtue of the laws of Italy, with an office and place of

business in 4 Via Napoleone Colajanni, 00191 Rome, Italy.

4.     At all material times, Plaintiff was the owner of the motor vessel BAKU ("the Vessel").

5.     On or about January 2, 2008, Plaintiff, as owner, and Defendant, as charterer, entered into a charter agreement whereby Plaintiff agreed to let and Defendant agreed to hire the Vessel for a voyage for the transport of soya bean meal in bulk, under certain terms and conditions, from Paranaguá, Brazil to Ravenna, Italy ("the Charterparty").

6.     Under Clause 41 of the Charterparty, Defendant was required to pay Plaintiff freight of €915,000.00. Under Clause 7 of the Charterparty, Plaintiff is entitled to demurrage of €15,000.00 per day, pro rata.

7.     Plaintiff issued to Defendant a Final Freight Statement on March 5, 2008 stating a balance of €322,855.47 due to Plaintiff. Defendant made partial payment of this balance on April 4, 2008, in the amount of €260,957.96.

8.     Defendant has failed and refused to pay the remaining balance of €61,897.51 owed to Plaintiff for freight and demurrage due under the Charterparty at the conclusion of the voyage, despite due demand therefor.

9.     Under the terms of the Charterparty, all disputes between the parties are to be decided by arbitration in London, pursuant to English law. Plaintiff intends to commence arbitration proceedings in London imminently.

10.     This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8. Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award in Plaintiff's favor.

11.     In addition to recovering the principal amount due to Plaintiff pursuant to the Charterparty, Plaintiff also fully anticipates recovering interest, costs, and attorneys'

fees, which are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

| | | | |
|---|---|---|---|
| a. | On the principal claim | | €61,897.51 |
| b. | 2 years of interest at 7% per annum, compounded quarterly | | €11,762.14 |
| c. | Costs (arbitrators' fees, attorneys' fees etc.) | | $50,000.00 |
| | TOTAL | | $167,059.91 (€1 : $1.5892) |

12.    Upon information and belief, Defendant cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but is believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the District including, but not limited to, American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are believed to be due and owing to the Defendant.

Plaintiff prays:

A.    That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That because the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and

Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are due and owing to the Defendant, in the amount of $167,059.91, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
      April 28, 2008

BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
DEVAL DENIZCILIK VE TICARET A.S.

By: _____
Peter Skoufalos (PS- 0105)
355 Lexington Avenue
New York, New York 10017
212-983-8500

## VERIFICATION

STATE OF NEW YORK    )
                           : ss.:
COUNTY OF NEW YORK  )

PETER SKOUFALOS, being duly sworn, deposes and says:

1.      I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2.      I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3.      The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.      The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

PETER SKOUFALOS

Sworn to before me this
28th day of April 2008

Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 20__